[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12413

_____

D. C. Docket No. 9:10-cv-80780-KLR

ANTHONY W. ZINNI,

Plaintiff-Appellant,

versus

ER SOLUTIONS, INC.,

Defendant-Appellee.

_____

No. 11-12931

_____

D. C. Docket No. 9:11-cv-80192-KLR

BLANCHE M. DELLAPIETRO,

Plaintiff-Appellant,

versus

ARS NATIONAL SERVICES, INC.,

Defendant-Appellee.

_____

No. 11-12937

_____

D. C. Docket No. 9:11-cv-80114-KLR

NAOMI M. DESTY,

                                        Plaintiff-Appellant,

versus

COLLECTION INFORMATION BUREAU, INC.,

                                        Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 27, 2012)

Before CARNES, BARKETT and BLACK, Circuit Judges.

BLACK, Circuit Judge:

This consolidated appeal[1] presents the issue of whether a settlement offer

for the full amount of statutory damages requested under the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, moots a claim brought pursuant

_____

[1] Upon Appellants' motion, we consolidated the three cases.

2

to the FDCPA.  Appellants Anthony W. Zinni, Blanche Dellapietro, and Naomi Desty appeal the district court's dismissal of their complaints for lack of subject matter jurisdiction.  In each case, an Appellee[2] sent an e-mail offering to settle an Appellant's FDCPA case for $1,001—an amount exceeding by $1 the maximum statutory damages available for an individual plaintiff under the FDCPA.[3] Appellees also offered attorneys' fees and costs in each case, but did not specify the amount of fees and costs to be paid.  Appellants did not accept the settlement offers.  The district court subsequently granted Appellees' motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), holding that the offers left Appellants with "no remaining stake" in the litigation. The district court then dismissed Appellants' complaints with prejudice.  We conclude the settlement offers did not divest the district court of subject matter jurisdiction.

---

[2]  Appellees are ER Solutions, Inc., ARS National Services, Inc., and Collection Information Bureau, Inc.

[3]  "A debt collector can be held liable for an individual plaintiff's actual damages, statutory damages up to $1,000, costs, and reasonable attorney's fees." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(1)-(3)).

## I.  BACKGROUND

*A.  Zinni*

Zinni filed a complaint on July 2, 2010, alleging that ER Solutions, Inc. violated the FDCPA by causing his phone "to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C. § 1692d(5)," and by failing to make disclosures required by §§ 1692d(6) and 1692e(11).  Zinni alleged ER Solutions had left him more than 50 voice mail messages in the course of attempting to collect a debt.  Zinni requested damages, attorneys' fees, and costs under the FDCPA, as well as judgment in his favor and against ER Solutions.

On January 10, 2011, ER Solutions e-mailed a settlement offer to Zinni's counsel.  In the e-mail, ER Solutions offered $1,001 to resolve Zinni's claims under the FDCPA, plus reasonable attorneys' fees and costs to be determined by the court.[4]  Zinni did not respond.  On January 20, 2011, ER Solutions e-mailed Zinni's counsel a second time to reiterate the offer, but Zinni once again did not respond.[5]

---

[4] Zinni also alleged ER Solutions violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§  559.55-559.785.  ER Solutions offered to settle Zinni's FCCPA claim for $1,001, plus reasonable attorneys' fees and costs.  The district court declined to exercise supplemental jurisdiction over this issue.

[5] In its brief, ER Solutions asserts "[w]hile not a part of the record, ER Solutions notifies the Court that it tendered the $1,001 settlement check to Zinni on May 4, 2011, but Zinni has not cashed the check."  This purported tender of the settlement check is not in the record, and even if

4

On February 23, 2011, ER Solutions filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  ER Solutions asserted that because it had offered Zinni everything he was entitled to under the FDCPA, his FDCPA claim was moot and should be dismissed with prejudice.

The district court granted ER Solutions' motion and dismissed the case with prejudice, explaining that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate."  The district court acknowledged that Zinni had never accepted ER Solutions' offer, but rejected as "nonsensical" Zinni's argument that, had he accepted ER Solutions' offer, he would have been left with nothing but an unenforceable promise.  The district court concluded it was "Plaintiff's failure to accept the offer that creates these issues in the first place," because "[i]f Plaintiff accepts the offer, it becomes a binding agreement that can be enforced through a motion to enforce settlement."

---

the check had been tendered, that fact would not change our ultimate conclusion.

5

*B. Dellapietro*

Dellapietro filed a complaint on February 18, 2011, alleging that ARS National Services, Inc. (ARS) left messages on her voice mail identifying itself only as "ARS," and stating that it was "very important" that ARS speak to her "right away." The message did not disclose the purpose of the call other than to state it was "not a telemarketing or sales call." The complaint alleged that ARS failed to meaningfully disclose its identity, purpose for calling, or disclose its status as a debt collector as required by 15 U.S.C. §§ 1692d(6) and 1692e(11). Dellapietro requested damages, attorneys' fees, and costs under the FDCPA, as well as judgment in her favor and against ARS.

On February 23, 2011, ARS e-mailed Dellapietro's counsel an offer to settle the FDCPA claims for $1,001 and "reasonable attorneys' fees and costs." The e-mail stated, "[i]f we are unable to agree on attorneys' fees and costs, we will agree to submit that issue to the court for resolution." Dellapietro did not respond to the offer. On April 20, 2011, ARS filed a motion to dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court granted the motion in an order virtually identical to the one in *Zinni,* finding that ARS had "offered more than Plaintiff is entitled to recover under the FDCPA, thereby mooting the FDCPA claim."

6

*C. Desty*

Desty filed a complaint on January 27, 2011, alleging that Collection Information Bureau, Inc. (CIB) repeatedly left automated voice mail messages on her cellular phone.  The caller identified himself as "Ted Lee" and stated that he had an "important message" for her and that he "must speak with [her] as soon as possible regarding [her] account number."  Desty alleged CIB failed to meaningfully disclose its identity, purpose for calling, or identify itself as a debt collector as required by 15 U.S.C. §§ 1692d(6) and 1692e(11).  She also alleged CIB caused her "telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C. § 1692d(5)," and used an automated dialer to repeatedly call her cellular phone in a manner "the natural consequence of which is to harass, oppress, or abuse" in violation of 15 U.S.C.

§ 1692d.[6]  The complaint requested statutory damages, attorneys' fees, and costs, as well as judgment in her favor and against CIB.

On March 7, 2011, CIB offered via e-mail to settle Desty's case for $1,001, "plus reasonable attorney's fees and court costs."  The e-mail stated that if the parties were "unable to reach an agreement as to the amount of Plaintiff's attorney's fees and costs," CIB would "submit the issues of fees and costs to the Court to decide."

When Desty did not respond to the offer, CIB moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The district court granted CIB's motion in an order virtually identical to the orders in *Zinni* and *Dellapietro*.

---

[6]  Desty also alleged violations of the FCCPA, as well as the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.  The district court declined to exercise its supplemental jurisdiction over Desty's FCCPA claim, and dismissed Desty's TCPA claim for lack of jurisdiction.  Although Desty does not challenge the dismissal of her TCPA claim on appeal, we note the Supreme Court has recently overruled this Court's prior precedent on which the district court relied, holding "that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."  *Mims v. Arrow Fin. Servs., LLC*, __ U.S. __, 132 S. Ct. 740, 745 (2012), *overruling Mims v. Arrow Fin. Servs., LLC*, 421 F. Appx. 920, 921 (11th Cir. 2010).  Thus, we *sua sponte* reverse the district court's dismissal of Desty's TCPA claim.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012) ("We have an independent obligation to determine whether jurisdiction exists in each case before us, so we may consider questions of jurisdiction *sua sponte* even when, as here, the parties have not raised jurisdictional challenges.").

## II. DISCUSSION

The issue before us is whether Appellees' settlement offers for the full amount of statutory damages requested under the FDCPA rendered Appellants' claims moot, requiring their dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[7] "When evaluating a district court's conclusions on a Rule 12(b)(1) motion, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (quotations and alteration omitted).

Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies. *Flast v. Cohen*, 392 U.S. 83, 94, 88 S. Ct. 1942, 1949 (1968). "[T]here are three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted). With regard to mootness, the Supreme Court has explained "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of*

---

[7] This is an issue of first impression in our Circuit.

*Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992) (quotations

omitted).  "An issue is moot when it no longer presents a live controversy with

respect to which the court can give meaningful relief." *Friends of Everglades v. S.*

*Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (quotations

omitted).

Appellants contend that the settlement offers were not for the full relief

requested because Appellees did not offer to have judgment entered against them

as part of the settlement.  Thus, Appellants argue, the settlement offers were

insufficient to moot their claims.  Appellees respond that their offers were for the

full amount of statutory damages plus attorneys' fees and costs, and argue that the

lack of an offer of judgment does not preclude a mootness finding.

Offers for the full relief requested have been found to moot a claim.  *See*

*Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("By

[submitting an offer of judgment to plaintiff for] $1,200 plus reasonable costs and

attorney's fees, the bank . . . was offering her more than her claim was worth to her

in a pecuniary sense.  Such an offer, by giving the plaintiff the equivalent of a

default judgment . . . eliminates a legal dispute upon which federal jurisdiction can

be based."); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the

defendant offers to satisfy the plaintiff's entire demand, there is no dispute over

10

which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (citations omitted).  Those cases are distinguishable, however, because the defendants there offered the full relief requested—the full amount of damages *plus* a judgment.  *See Greisz*, 176 F.3d at 1014; *Rand*, 926 F.2d at 597.  Here, there is no dispute that Appellants did not offer judgment as part of the settlement.  This distinction is important to our mootness analysis.[8]

The Fourth Circuit has held that the failure to offer the full relief requested prevented the mooting of a Fair Labor Standards Act (FLSA) claim.  *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 766 (4th Cir. 2011).  There, the district court dismissed a case as moot when the defendants made a settlement offer "for full relief, including attorney's fees and taxable costs."  *Id.* at 762.  The Fourth Circuit reversed because the settlement offer, while purporting to offer "full relief," did not include an offer of judgment against the defendants.  *Id.* at

---

[8]    The issue of whether the offer was accepted or rejected, while argued by the parties, is not relevant to our analysis because Appellees never offered full relief.  We need not decide whether an offer for full relief, even if rejected, would be enough to moot a plaintiff's claims. *See Rand*, 926 F.2d at 598 (stating the view that a rejected offer of judgment for plaintiff's entire demand would be enough to moot a case). *But see O'Brien v. Ed Donnelly Enters.*, *Inc.*, 575 F.3d 567, 575 (6th Cir. 2009) (expressing disagreement "with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand"); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 340 (2d Cir. 2005) (holding that a plaintiff's rejection of an offer of judgment for the full amount desired does not, in and of itself, moot the case).

764. The court explained that from a plaintiff's view, a judgment in his or her favor "is far preferable to a contractual promise" to pay the same amount "because district courts have inherent power to compel defendants to satisfy judgments against them . . . but lack the power to enforce the terms of a settlement agreement absent jurisdiction over a breach of contract action for failure to comply with the settlement agreement." *Id.* at 765. The court cited language from *Federal Practice and Procedure* to further illustrate the importance of a judgment:

> Settlements often do not involve the entry of a judgment against the defendant, as compared to a judgment of dismissal, so that from the plaintiff's perspective the willingness of the defendant to allow judgment to be entered has substantial importance since judgments are enforceable under the power of the court. Indeed, should a settlement not embodied in a judgment come unraveled, the court may be without jurisdiction to proceed in the case, which often becomes a breach of contract action for failure to comply with the settlement agreement. Even if the court retains jurisdiction, plaintiff is left to litigate a breach of contract action or, perhaps, to continue litigating the claims sought to be settled.

*Id.* (*quoting* 12 Wright, Miller, & Marcus, *Federal Practice and Procedure* § 3002, p. 90 (2d ed. 1997)). The Fourth Circuit reversed the district court's finding of mootness, holding "the failure of the Defendants to make their attempted offer for full relief in the form of an offer of judgment prevented the mooting of the Plaintiffs' FLSA claims." *Id.* at 766.

12

The district court erred in finding Appellees' settlement offers rendered moot Appellants' FDCPA claims because the settlement offers did not offer full relief. *See id.* Each of the Appellants requested that the district court enter judgment in his or her favor and against an Appellee as part of the prayer for relief in the complaint. Appellees' settlement offers, however, did not offer to have judgment entered against them. Because the settlement offers were not for the full relief requested, a live controversy remained over the issue of a judgment, and the cases were not moot. *See Friends of Everglades*, 570 F.3d at 1216.

A judgment is important to Appellants because the district court can enforce it. Instead, with no offer of judgment accompanying Appellees' settlement offers, Appellants were left with a mere promise to pay. If Appellees did not pay, Appellants faced the prospect of filing a breach of contract suit in state court with its attendant filing fees–resulting in two lawsuits instead of just one.

## III.  CONCLUSION

We hold the failure of Appellees to offer judgment prevented the mooting of Appellants' FDCPA claims.[9]  The district court erred in concluding Appellees' offers of settlement were for full relief such that Appellants' cases were mooted. We reverse the district court's dismissal of Appellants' claims for lack of subject matter jurisdiction, and remand for further proceedings consistent with this opinion.[10]

**REVERSED AND REMANDED.**

---

[9]  Federal Rule of Civil Procedure 68 provides a procedure for a party wishing to submit an offer of judgment.  Notably, the purpose of Rule 68 comports with Appellees' goal of settlement.  *See Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation.").

[10]  Because we conclude Appellees' offers did not moot Appellants' claims, we do not address Appellants' alternate argument that the claims were not moot because the offers did not provide for a sum certain of attorneys' fees and costs.  We note that if a judgment is entered by the district court, it will retain jurisdiction to resolve any attorneys' fees and costs disputes.  *See, e.g., Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1243 (11th Cir. 2009).