Susan M. JORDAN, Plaintiff,

v.

ER SOLUTIONS, INC., Defendant.

Case No. 10–62409–CIV.

United States District Court,
S.D. Florida.

Oct. 18, 2012.

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Barbara Fernandez, Hinshaw & Culbertson LLP, Miami, FL, for Defendant.

### *ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT*

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Final Summary Judgment [DE 38], filed on August 17, 2012. The Court has carefully considered the Motion, Plaintiff's Response in Opposition [DE 41], Defendant's Reply [DE 44], the respective statements of material facts, and is otherwise fully advised in the premises.

## I. SUMMARY JUDGMENT STANDARD

In a summary judgment motion, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After the moving party has met its initial burden of production, that burden shifts to the nonmoving party to demonstrate that there is a genuine issue of fact for trial. *See id.* at 324, 106 S.Ct. 2548. The party opposing a motion for summary judgment may not simply rest upon allegations or denials in the pleadings, but rather must go beyond the pleadings to show specific facts demonstrating that there is a genuine issue for trial. *Id.*

The Court must evaluate the evidence and make all inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the nonmoving party's burden is not discharged by pointing to a mere scintilla of evidence that creates a metaphysical doubt about an issue; rather, the evidence must be sufficient to allow a rational trier of fact to find for the nonmoving party. *See id.* at 252, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II. UNDISPUTED MATERIAL FACTS

Plaintiff Susan Jordan ("Jordan") sued Defendant ER Solutions, Inc. ("ER") because she believed that ER's phone calls violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d(6) and 1692e(11) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C.

§ 227(b)(1)(A)(iii). She is not seeking any actual damages, only statutory damages.

Jordan got into debt by shopping at Seventh Avenue, Inc. She completed two separate purchase orders for retail items, dated August 24, 2008, and July 17, 2009. At the time of purchase, she gave Seventh Avenue a phone number for contacting her. According to the terms and conditions of her purchase, by providing her number and agreeing to the purchase, Jordan consented to Seventh Avenue or its debt collection agents to contact her by automated phone calls. The terms and conditions were amended on July 1, 2010. The amendment removed the explicit permission for debt collectors to make automated calls Jordan, but retained permission for Seventh Avenue to do so.

Jordan did not pay her bills to Seventh Avenue. She had an outstanding balance of $416.51. Because Jordan had not paid, Seventh Avenue assigned the account to ER, a debt collector. Seventh Avenue gave ER the phone number Jordan had provided. ER called Jordan repeatedly from December 2009 to November 2010.

As it turns out, that phone number was not registered to Jordan. It was registered to her husband. It is part of a family plan, though. Jordan used the phone on a daily basis and paid the bills that are generated from using the phone.

After Jordan commenced this action, ER made a written settlement offer to Jordan for $1,001 plus reasonable attorney's fees and costs. ER did not offer to allow judgment to be entered against it. Jordan did not accept this offer.

### III. DISCUSSION

ER argues that it is entitled to summary judgment for several reasons. First, it claims that Jordan lacks standing because ER has offered Jordan all relief she seeks; alternatively, because Jordan is only seeking statutory damages, she has no injury in fact to support standing. Second, ER claims that there is only one phone call that could violate 15 U.S.C. § 1692d(6), but that section requires multiple call violations, so Jordan cannot succeed under § 1692d(6). Third, ER argues that Jordan's § 1692e(11) claim fails because ER is entitled to the bona fide error defense.

As for the TCPA claim, ER claims that Jordan is not covered by the statute because she does not own the cell phone number ER called and therefore does not qualify as the "called party" under the TCPA. Even if she were, she provided express consent to be called, which defeats her claim.

### A. Standing under the FDCPA

■ ER claims that because it offered Jordan $1,001 and reasonable attorneys' fees, Jordan's claim is moot. Jordan disagrees because ER did not offer to allow the Court to enter judgment against ER. A plaintiff's opportunity to have judgment entered against a defendant is an important part of her claim. *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167–68 (11th Cir.2012). The Eleventh Circuit rejected the argument ER is making here, finding that without an offer of judgment, a plaintiff's FDCPA claim is not moot. *Id.* The Court finds that Jordan's FDCPA claims are not moot.

■ Next, ER argues that Jordan has not demonstrated injury in fact because Jordan is only seeking statutory damages. ER is incorrect. Though injury in fact is a constitutional prerequisite to standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), statutory damages satisfy that requirement. Judge Scola explained this clearly in *Thorne v. Accounts Receivable Management, Inc.*, No. 11–22290, 2012 WL 3108662 (S.D.Fla. July 24, 2012). To briefly summarize, one suffers an "injury in

fact" for Article III purposes when there is a violation of a legally protected interest. *See, e.g., Vt. Agency of Natural Res. v. United States,* 529 U.S. 765, 773, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) ("The interest must consist of obtaining compensation for, or preventing, the violation of a *legally protected right.*" (emphasis added)). "The . . . *injury* required by Art. III may exist *solely* by virtue of statutes creating legal rights, the invasion of which *creates standing.*" *Lujan,* 504 U.S. at 578, 112 S.Ct. 2130 (emphasis added) (quoting *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (internal quotations omitted)). Congress has provided debtors with the right to be free of certain forms of harassing communications and has created the legal right to obtain statutory damages. *See* 15 U.S.C. § 1692k(a). The Court finds that this is sufficient to confer standing.

### B.  § 1692d(6) Claim

■ ER claims that it only violated 15 U.S.C. § 1692d(6) once in the statute of limitations period. Jordan agrees. Because there was only one phone call that violated § 1692d(6), ER believes that Jordan cannot succeed under 15 U.S.C. § 1692d(6). That section makes it unlawful to place "telephone calls without meaningful disclosure of the caller's identity." § 1692d(6). "Calls" is plural. Several courts in the Southern District of Florida have found a single call insufficient. *Thorne,* 2012 WL 3108662, at *7 (citing cases). The Court is persuaded by the reasoning in these cases. Because the statute only makes multiple violating calls actionable, and ER only violated § 1692d(6) once, ER is entitled to sum-

mary judgment on Jordan's 15 U.S.C. § 1692d(6) claim.

### C.  Bona Fide Error

■ Though Jordan does not have a § 1692d(6) claim, she is still asserting a separate § 1692e(11) claim.[1] ER asserts the FDCPA's bona fide error defense. *See* 15 U.S.C. § 1692k(c). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352–53 (11th Cir. 2009). ER claims that its agents always identified themselves when making phone calls. If ER did not, the mistake in not identifying itself to Jordan on one occasion was a bona fide error. The defense depends on questions of fact for the jury, *see e.g. Valencia v. Affiliated Group, Inc.,* No. 07–61381, 2008 WL 4372895 (S.D.Fla.2008) (finding the intent question to be an issue of fact for the jury). Because issues of fact remain, the Court will not grant summary judgment to ER on Jordan's 15 U.S.C. § 1692e(11) claim.

### D.  TCPA Claim

Next, ER argues that Jordan cannot make out a TCPA claim because she is not the subscriber to the phone plan—her husband is. This raises a sticky issue of whether the spouse of a subscriber to a phone plan can make out a claim and the law is not entirely clear on the issue. *See Soppet v. Enhanced Recovery,* 679 F.3d 637, 639–42 (7th Cir.2012) (suggesting that

---

**1.** Section 1692e(11) makes it unlawful to fail "to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a

debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. . . ."

Jordan could not make out a claim because she was not the subscriber to the cell phone). Fortunately, this Court need not resolve the issue, because even assuming that Jordan could bring a TCPA claim, she provided consent to be contacted and therefore her claim fails anyway.

■ The TCPA allows a collector to make automated or prerecorded collection calls if the called party has given prior express consent. 47 U.S.C. § 227(b)(1)(A). Jordan did give express consent to automated collection calls when she purchased items from Seventh Avenue in 2008 and 2009. As a term and condition of her purchase, she agreed that

> [Seventh Avenue] and any other owner or servicer of this account may use any information you give us, including but not limited to e-mail addresses, cell phone numbers, and landline numbers .... to contact you for purposes related to this account, including debt collection. In addition, you expressly consent to any such contact being made by the most efficient technology available, including but not limited to automated dialing equipment and prerecorded messages, even if you are charged for the contact.

The Court finds that this provision demonstrates that Jordan gave prior express consent to be contact.

Jordan responds, however, by arguing that the terms and conditions were modified on July 1, 2010. The amended provision is no longer captioned "Consent to Contact." It was replaced by the following:

> COMMUNICATION: We may use contact information you provide to contact you from time to time regarding your Account. We may contact you in any manner consistent with the information you have provided. for example, once you have provided contact information, we may contact you by telephone, e-

mail, or text message. We may use automated technology for the purposes of contacting you, including but not limited to automatic dialing or similar equipment. We may call you on your mobile telephone. We may monitor or record calls from you to us and calls from us to you. When you give us your mobile telephone number we may contact you at that number using automated dialing equipment and we can leave prerecorded or other messages, as allowed by law.

Even assuming that this modified contract applies retroactively to the purchases Jordan previously made, the change did not revoke Jordan's consent. Under the original, debt collectors were explicitly allowed to contact Jordan. Under the revised term, Seventh Avenue still had Jordan's express consent to contact Jordan. True, language regarding account servicers has been omitted. However, "calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 564–65 ¶ 10 (Jan. 4, 2008). Even under the new term, Seventh Avenue could use debt collectors, because the collectors' calls are treated as if Seventh Avenue made them, and Seventh Avenue had express consent to call Jordan.

Even viewing the facts and law in the most generous way for Jordan, she cannot succeed on her TCPA claim because she gave consent to be contacted. ER is entitled to summary judgment on her TCPA claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Final Summary Judgment [DE 38] is **GRANTED IN PART;**

2. As to Count I of Plaintiff's complaint (the 15 U.S.C. § 1692e(11) claim), Defendant's motion is **DENIED.** This count may proceed.

3. As to Count II of Plaintiff's complaint (the 15 U.S.C. § 1692d(6) claim), Defendant's motion is **GRANTED.** Judgment shall be entered in ER's favor on this count at the close of the proceedings in this case.

4. As to Count III of Plaintiff's Complaint (the 47 U.S.C. § 227(b)(1)(A)(iii) claim), Defendant's motion is **GRANTED.** Judgment shall be entered in ER's favor on this count at the close of the proceedings in this case.