[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11156
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20042-JAL

EDDY JEAN PHILIPPEAUX,

Plaintiff-Appellant,

versus

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,
AIMCO,
DANIEL MELENDEZ,
General Manager of the Flamingo South Beach Property,
TIA BUCHANAN,
Resident Relations Manager,
MCZ/CENTRUM FLAMINGO II, LLC,
Flamingo,
BRYAN KEBDLE, et al.,

Defendants-Appellees,

FLAMINGO SOUTH BEACH,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2015)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Eddy Jean Philippeaux, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his second amended complaint, which alleged violations of the Fair Housing Act, 42 U.S.C. § 3601, and the Florida Fair Housing Act, Fla. Stat. § 760.20.  The district court dismissed Mr. Philippeaux's complaint on mootness grounds because, subsequent to filing suit, Mr. Philippeaux vacated the apartment at issue pursuant to a settlement agreement between the parties in a state court eviction action.[1]

For the reasons that follow, we affirm.

## I

Mr. Philippeaux is a disabled veteran.  At the time of this dispute, he leased a ground-floor apartment at Flamingo South Beach Apartments, which are owned by MCZ/Centrum Flamingo II LLC.  MCZ leased the ground level of its seven-level parking garage to a third party, which in turn used the space for a valet parking service.  Residents of Flamingo Apartments could park on the ground level of the garage if they pay the hourly valet rate.  Alternatively, residents could pay a monthly flat rate for the privilege of parking on levels two through seven (if a

---

[1] Mr. Philippeaux argues in part that dismissal was improper because his claims are not barred by the *Rooker-Feldman* doctrine, *res judicata*, or collateral estoppel.  The district court, however, did not dismiss the case pursuant to any of these doctrines.  As a result, we do not address them.

space is available), or they could pay a higher monthly flat rate for an assigned space on levels two through seven.

Mr. Philippeaux alleged that MCZ violated the FHA and FFHA by denying his request for an assigned, handicapped parking space on the ground level of the parking garage. Because he was not given a ground-level parking space, he had to park on one of the upper levels of the garage. He claimed that parking on an upper level caused him to walk a long distance to reach his apartment, which resulted in physical and mental harm (including failure to recover and heel from hernia surgery). Mr. Philippeaux argued that an assigned, handicapped parking space on the ground level of the garage was a reasonable accommodation under the FHA and FFHA.

In his second amended complaint, Mr. Philippeaux requested (1) that MCZ be enjoined from refusing to make a reasonable accommodation and from retaliating against him by evicting him because of his request; (2) a declaration that MCZ's conduct violated the FHA and FFHA; and (3) actual and punitive damages, pursuant to the FHA, for discrimination and retaliation.

After filing his second amended complaint, Mr. Philippeaux submitted a motion for preliminary injunction, to which he attached a stipulation and order for dismissal in a state court eviction action, which he and a representative of MCZ had signed. Pursuant to that stipulation, Mr. Philippeaux agreed to vacate his

3

apartment on March 10, 2014, and MCZ agreed to waive any unpaid rent owed by Mr. Philippeaux.  The stipulation also dismissed MCZ's eviction action against Mr. Philippeaux.  On March 10, 2014, Mr. Philippeaux filed a "notice of plaintiff's status," in which he indicated that he would be homeless as of March 11, 2014.

Based on these filings, the district court dismissed Mr. Philippeaux's second amended complaint, finding that, because Mr. Philippeaux had vacated the apartment his, claims were moot.  Mr. Philippeaux now appeals.

## II

We review the question of mootness *de novo*.  *Christian Coal. of Ala. v. Cole*, 355 F.3d 1288, 1290 (11th Cir. 2004).

Article III of the United States Constitution requires a live case or controversy at the time a federal court decides the case, and "'a federal court has no authority to give opinions upon moot questions[.]'"  *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, (1992)).  "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief."  *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).  "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*

whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Mr. Philippeaux's claims for injunctive and declaratory relief were premised upon the allegation that MCZ was in violation of the FHA and the FFHA by failing to fulfill his request for an assigned, handicapped parking space on the ground level of the parking garage. But during the pendency of the action, Mr. Philippeaux vacated his apartment and no longer lives at the Flamingo Apartments. Consequently, the district court correctly ruled that Mr. Philippeaux's claims for equitable and declaratory relief were moot. *See Jews for Jesus*, 162 F.3d at 629.[2]

## III

Liberally construed, Mr. Philippeaux's second amended complaint also alleged a claim for damages allegedly resulting from MCZ's refusal to provide an assigned, handicapped parking space on the ground level of the garage. That Mr. Philippeaux vacated the apartment does not moot any claim for damages he may have suffered in the past as a result of MCZ's alleged violations of the FHA and FFHA. Thus, the district court erred in dismissing Mr. Philippeaux's claim for damages as moot. *See McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1362 (11th Cir. 1984) ("A claim for damages does not expire upon the termination of the wrongful conduct. Unlike declaratory and injunctive relief, which are prospective

---

[2] To the extent Mr. Philippeaux sought equitable relief with regard to his retaliation claim, that claim was also moot given that Mr. Philippeaux no longer lives at Flamingo Apartments.

5

remedies, awards for monetary damages compensate the claimant for alleged past wrongs.") (citation omitted).

Nonetheless, we affirm the dismissal of Mr. Philippeaux's damages claim on the alternative ground that the complaint fails to state a claim for relief under the FHA and FFHA.  "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the [district] court[.]"  *Powers v. United States*, 996 F.2d 1121, 1123-24 (11th Cir. 1993).

Dismissal is appropriate under Rule 12(b)(6), where, accepting the allegations as true and viewing them in the light most favorable to the plaintiff, a complaint fails to state a claim for relief.  *See Baker Cnty. Med. Servs. v. U.S. Att'y Gen.*, 763 F.3d 1274, 1275 (11th Cir. 2014).  When reviewing whether a complaint states a claim for relief, *pro se* pleadings are liberally construed.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  Nonetheless, "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions[.]"  *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

"The FHA and the Florida Fair Housing Act are substantively identical, and therefore the same legal analysis applies to each."  *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014).  Under the FHA and the

6

FFHA, it is unlawful to discriminate against a renter with disabilities by refusing "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B); Fla. Stat. § 760.23(9)(b).  To establish a failure-to-accommodate claim, a plaintiff "must prove that (1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an [equal] opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation."  *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014).

We have held that "[t]he FHA's reasonable accommodation provision requires only those accommodations that may be *necessary* . . . to afford *equal* opportunity to use and enjoy a dwelling."  *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008) (quotation marks omitted) (emphasis in original). Equal opportunity means that a disabled person must be afforded the same opportunity to use and enjoy the dwelling as a non-disabled person.  *Id.* Preferential treatment is not required.  *Id.*

MCZ does not dispute that Mr. Philippeaux is handicapped within the meaning of the FHA and FFHA, nor does it dispute that he occupied a dwelling as defined by these acts.  Rather, the issue on appeal is whether Mr. Philippeaux's

7

request for an assigned, handicapped parking space on the ground level of the garage is a reasonable accommodation. We conclude that it was not.

First, the ground level of the parking garage was leased to a third-party vendor, and residents of Flamingo Apartments were not permitted to park on the ground level unless they were willing to pay the hourly valet rate—something Mr. Philippeaux was unwilling to do. Because all residents park on levels two through seven, providing Mr. Philippeaux a ground-level parking space at no cost or at a reduced rate would place him in a better position than all other residents, disabled and non-disabled alike.

Second, requiring MCZ to either break its lease agreement with the third-party valet vendor, or pay the hourly valet parking fees charged by the vendor so that Mr. Philippeaux could park on the ground level, would place an undue financial burden upon MCZ. And, as we have said, an accommodation is not reasonable if it imposes an undue financial burden on the landlord. *See Schwarz,* 544 F.3d at 1220 (analogizing Rehabilitation Act cases to a claim brought under the FHA).

In short, Mr. Philippeaux failed to allege the denial of a reasonable accommodation. *See Loren v. Sasser*, 309 F.3d 1296, 1302 (11th Cir. 2002) ("Under the [FHA], plaintiff[ ] have the burden of proving that a proposed

accommodation is reasonable."). As a result, he failed to state a claim under the FHA or FFHA.

## III

To state a claim for retaliatory housing discrimination, a plaintiff must assert that a defendant coerced, intimidated, threatened, or interfered with his exercise of rights granted under the FHA or FFHA. *See* 42 U.S.C. § 3617; Fla. Stat. § 760.37; *Dixon v. Hallmark Cos.*, 627 F.3d 849, 858 (11th Cir. 2010). "To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (applying the legal framework used in Title VII cases to an FHA retaliation case). "A plaintiff engages in statutorily protected activity when he or she protests . . . conduct which is actually lawful, so long as he or she demonstrates a good faith, reasonable belief that the [conduct engaged in] was . . . unlawful[.]" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998) (Title VII case) (internal quotation marks omitted). A plaintiff's belief that the conduct was unlawful must be objectively reasonable. *Id.*

Mr. Philippeaux's second amended complaint failed to establish a prima facie case of retaliation. Simply stated, Mr. Philippeaux has not alleged that he

9

engaged in statutorily protected activity.  Rather, he claimed that he was denied a reasonable accommodation.  His belief that MCZ violated the law by not providing him with an assigned, handicapped parking space on the ground level of the garage, however, was not objectively reasonable.  Mr. Philippeaux admitted that the entire ground level of the parking garage was leased to a third party and that all the residents at Flamingo Apartments had to park on levels two through seven.  He also admitted that there were handicapped parking spaces on levels two through seven.  Moreover, while he claimed that he was evicted because he requested the accommodation, the record establishes that the state court eviction action was triggered by Mr. Philippeaux's failure to pay rent.

Because Mr. Philippeaux fails to allege that he engaged in statutorily protected activity, he failed to state a claim for retaliation.

## IV

We affirm the district court's dismissal of Mr. Philippeaux's equitable claims as moot.  We affirm the dismissal of Mr. Philippeaux's damages claims for discrimination and retaliation because he failed to state claims for relief.

**AFFIRMED.**

10