[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12914
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-22149-RNS

DIMITRI PATTERSON,

Plaintiff-Appellant,

versus

MIAMI DADE COUNTY,
RICK SCOTT,
(RS), a Junior U.S. Senator,
BETH BLOOM,
District Judge for the U.S. District Court Southern District of Florida, etc.,
RODOLFO A. RUIZ,
District Judge for the U .S. District Court Southern District of Florida , etc.,
MARCIA G. COOKE,
District Judge for the U .S. District Court Southern District of Florida, etc.,
CHRIS M. MCALILEY,
Magistrate Judge for the U.S. District Court Southern District of Florida, etc.,
CECILIA M. ALTONAGA,
Magistrate Judge for the U .S. District Court Southern District of Florida, etc.,
PATRICK A. WHITE,
Magistrate Judge for the U .S. District Court Southern District of Florida, etc.,
LISSETTE M. REID,
Magistrate Judge for the U .S. District Court Southern District of Florida, etc.,
DANIEL JUNIOR,

Director of Miami-Dade Corrections and Rehabilitation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 19, 2019)

Before WILLIAM PRYOR, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Dimitri Patterson, a *pro se* Florida prisoner, appeals the district court's denial of his emergency motion for a preliminary injunction against Miami-Dade County; Daniel Junior, Director of Miami-Dade Corrections and Rehabilitation; and the State of Florida, its officers, municipalities, and judicial branches ("state entities and officials"). We dismiss.

## I. BACKGROUND

Patterson filed a complaint against seven federal judges; Daniel Junior; Miami-Dade County; and the former Florida governor, United States Senator Rick Scott. Patterson alleged violations of 42 U.S.C. §§ 1985(3), 1986; *Bivens*;[1] and the Fifth, Thirteenth, and Fourteenth Amendments. He also alleged some of the defendants committed fraud. Patterson stated that he is currently being unlawfully

_____

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

detained in Florida by Miami-Dade County.  He requested a jury trial, as well as $242 million dollars, punitive damages, and a permanent injunction against all the defendants.

The next day, Patterson filed an emergency motion for a preliminary injunction.  Two days later, he filed a near-identical copy of his motion, correcting a previously missing page and moving the court to enjoin the state entities and officials from acting in concert to bring about his unlawful detainment and violating his constitutional right.  Patterson alleged that the state entities and officials violated his civil rights in their "prosecution, stalking, [and] harassment" of him, they had illegally detained him for a direct criminal contempt conviction, and they currently have him illegally in pre-trial detention on state charges. Patterson argued that he was likely to succeed on the merits of his claim because the state entities and officials had knowledge of or directly participated in a discriminatory conspiracy against Patterson, and they failed to prevent it. Patterson asserted that, because he would remain in the state's custody, the officers would continue to violate his civil liberties and that the loss of liberties, even for a minimal period of time, constitutes irreparable harm.  In balancing the harm to Patterson against the possible burden on government, Patterson argued that the officials would face no measurable burden.  Finally, Patterson argued that the protection of citizens weighs heavily in the public interest and granting the

3

preliminary injunction would not adversely impact the public interest.

On May 30, 2019, in a paperless order entered on the docket, the district court denied Patterson's emergency motion, determining "that an emergency circumstance is not present." The court noted that it construed Patterson's second emergency motion as an amendment to his initial motion and denied his initial motion as moot. Patterson did not file an interlocutory appeal of this order. On June 18, the district court entered an order dismissing with prejudice all claims against the judges; the court struck the claims against the others and gave Patterson until June 26 to file an amended complaint. On June 27, when Patterson failed to file an amended complaint, the district court entered an order dismissing without prejudice all claims against Scott, Miami-Dade County, and Junior.

Patterson appealed following the June 27 order dismissing his case. On appeal, Patterson argues that the district court abused its discretion in denying his emergency motion for a preliminary injunction because the court found that no emergency existed.

## II. DISCUSSION

We first address issues of jurisdiction, which we review *de novo*. *Birmingham Fire Fighters Ass'n 117 v. City of Birmingham*, 603 F.3d 1248, 1254 (11th Cir. 2010). Federal courts lack the authority to give opinions on moot questions. *Zinni v. ER Solutions*, 692 F.3d 1162, 1166 (11th Cir. 2012).

4

Intervening events that resolve the issues in the injunction, such as the issuance of a final judgment, affect the appealability of a preliminary injunction because the injunction merges with the final judgment. *See Birmingham Fire Fighters Ass'n 117*, 603 F.3d at 1254-55 (dismissing an interlocutory appeal of a preliminary injunction because the injunction had merged with the final order issued by the lower court). Therefore, once the district court enters a final judgment, the preliminary injunction becomes moot and is no longer the proper basis for an appeal. *Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992).

We need not consider Patterson's appeal of his denied motion for a preliminary injunction because the issue is moot. The district court denied Patterson's motion for a preliminary injunction; Patterson did not file an interlocutory appeal of that order. When the district court dismissed the case, the denial of the motion for a preliminary injunction merged with the final order. *See Birmingham Fire Fighters Ass'n 117*, 603 F.3d at 1254-55. The only ruling at issue in this is appeal, the district court's denial of Patterson's motion for a preliminary injunction, is moot; accordingly, Patterson's appeal is **DISMISSED**.