[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11092

Non-Argument Calendar

_____

MEDMARC CASUALTY INSURANCE COMPANY,
PROASSURANCE SPECIALTY INSURANCE COMPANY,
d.b.a. Noetic Specialty Insurance,

                              Plaintiffs-Counter Defendant-Appellants,

*versus*

PETER J. YANOWITCH,

                              Defendant-Counter Claimant-Appellee,

JUAN POCH VIVES,
YANOWITCH LAW PA,
A Florida for profit corporation,

2                    Opinion of the Court                    22-11092

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22822-DPG

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Medmarc Casualty Insurance Company and Noetic Specialty Insurance appeal the partial summary judgment and judgment on the pleadings against them and in favor of their insureds, Peter Yanowitch and Yanowitch Law, P.A. The insurers sought a declaratory judgment that they owed no duty to defend or indemnify the insureds in a state-court action. The district court ruled that the insurers owed a duty to defend but declined to rule on the duty to indemnify until the state action was resolved. After the insurers filed this interlocutory appeal challenging the ruling on the duty to defend, the state court dismissed its action with prejudice.

The insureds move to dismiss this interlocutory appeal as moot. They explain that the only issue on appeal is whether the insurers owe a duty to defend them in a state action that is no longer pending. And they contend that the dismissal of the state action with prejudice makes any question about its defense moot.

They also explain that the district court granted a joint motion to dismiss the federal action as moot.

The insurers argue that this appeal is not moot, but they do not dispute that they owe the insureds no duty to defend after the state action has been dismissed with prejudice. Nor do they deny that the district court dismissed the action from which this appeal arose. The insurers instead speculate that if the interlocutory order is not reversed, the district court may later award the insureds attorneys' fees under Florida law.

We agree with the insureds that this interlocutory appeal is moot. We cannot provide meaningful relief when the insurers have already provided a defense and the underlying state and federal actions have since been dismissed. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001). If the district court later were to award the insureds attorneys' fees, we could entertain an appeal of the award and review any jurisdictional or other error. But a hypothetical fee award does not create a controversy about the insurers' duty to defend, which is now moot. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480–81 (1990) (emphasis added) ("Where it appears on the face of the record that the only *concrete* interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward.").

Because we lack jurisdiction to decide moot questions, *Zinni v. ER Sols.*, 692 F.3d 1162, 1166 (11th Cir. 2012), we must dismiss this appeal. And we need not vacate the challenged order when the underlying action has since been dismissed. *See Democratic Exec.*

*Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020) (quotation marks omitted) ("In the case of interlocutory appeals . . . the usual practice is [] to dismiss the appeal as moot and not vacate the order appealed from.").

We **GRANT** the motion to **DISMISS** this appeal as moot.