[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12559

Non-Argument Calendar

_____

SONNY AUSTIN RAMDEO,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80894-KAM

_____

_____

No. 24-12560

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SONNY AUSTIN RAMDEO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80226-KAM-1

_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Sonny Ramdeo appeals the district court's orders dismissing his second motion to vacate for lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 2255,

and denying his motion for a sentence reduction because he was ineligible for relief under Amendment 821, pursuant to 18 U.S.C. § 3582(c)(2). After briefing, the government filed a suggestion of mootness, arguing that the President's grant of clemency commuting Ramdeo's imprisonment sentence had rendered Ramdeo's appeals moot, as they involved only challenges to his prison sentence. We agree.

Because mootness is jurisdictional, we must resolve any question of mootness before we assume jurisdiction. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). And we have an obligation to review *sua sponte* whether we have jurisdiction. *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013).

A federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the matter in issue in the case before it. *Zinni v. ER Sols.*, 692 F.3d 1162, 1166 (11th Cir. 2012). An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quotation marks omitted). A case is moot if, at any stage of litigation, a party no longer suffers from or is threatened by an actual injury that could be remedied by a favorable judicial decision. *Id.* An appeal can be rendered moot—in whole or in

part—by intervening events. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022).

In a case where a defendant has fully served his sentence, a dismissal on grounds of mootness is unwarranted only if the defendant can show some collateral consequences flowing from his sentence. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once [a] convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). When a former criminal defendant completes his prison sentence, any challenge to that sentence is moot unless he identifies continuing collateral consequences of his sentence that could be remedied by a favorable decision, such as a continuing term of supervised release. *Juvenile Male*, 564 U.S. at 936; *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (explaining that the appeal was not rendered moot by the completion of Dawson's incarceration term because he was still serving his term of supervised release and success for Dawson could alter the supervised release portion of his sentence). Notably, a term of supervised release is "part of the sentence." 18 U.S.C. § 3583(a); *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003). "A challenge to an imposed term of imprisonment is moot once that term has expired, but where a defendant is still serving other aspects of his sentence, e.g., paying a fine or serving a term of supervised release, any appeal related to that aspect of his sentence is not moot." *United States v. Stevens*, 997 F.3d 1307, 1310 n.1 (11th Cir. 2021) (internal citations omitted).

24-12559                Opinion of the Court                5

Here, Ramdeo concedes that the clemency order issued by President Biden on December 12, 2024, commuting his total sentence of confinement rendered his appeals challenging his prison term moot, because his "appeals primarily challenge the prison term," and "no further meaningful relief regarding confinement can be granted." Further, Ramdeo failed to allege any collateral consequences stemming from his now-commuted sentence. Therefore, as these appeals no longer present a live controversy, and we can grant no further meaningful relief, we dismiss Ramdeo's consolidated appeal for lack of jurisdiction.

We also vacate the district court's underlying orders in case number 9:24-cv-80894 dismissing Ramdeo's second motion to vacate and denying his motion for a sentence reduction. *See L.E. ex rel. Cavorley v. Superintendent of Cobb Cnty. Sch. Dist.*, 55 F.4th 1296, 1300 (11th Cir. 2022) ("If a case becomes moot while on appeal, this court will not consider the merits presented, 'but instead vacate[s] the judgments below with directions to dismiss even if a controversy did exist at the time the district court rendered its decision.'" (quoting *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1309–10 (11th Cir. 2000)); *De La Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) ("[W]hen an issue in a case becomes moot on appeal, the court not only must dismiss as to the mooted issue, but also vacate the portion of the district court's order that addresses it.").

6                    Opinion of the Court                    24-12559

Accordingly, we **DISMISS** the consolidated appeal for lack of jurisdiction and **VACATE** the district court's orders below.[1]

---

[1] Ramdeo's motion to file an amended or corrected reply brief is **DENIED as moot**.