[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13955

Non-Argument Calendar

_____

BARRY E. MUKAMAL,

solely in his capacity as Plan Administrator of the

942 Penn RR, LLC Post-confirmation Bankruptcy Estate,

                                    Plaintiff-Appellee,

*versus*

RAZIEL OFER,

                              Defendant-Cross Claimant-Appellant,

RAFAEL ROBERTO MENDEZ, et al.,

Defendants,


CASA FINANCIAL HOLDINGS LLC,
ZODIAC CAPITAL LLC,
DREXEL FINANCIAL LLC,
RONIEL RODRIGUEZ IV, PA,
AJAR HOLDINGS, LLC,


Cross Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-22803-BB

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

In May 2022, 942 Penn RR, LLC , a company in which Raziel Ofer and Robert Mendez each held 50% interests, filed for bankruptcy. Barry E. Mukamal was appointed as the trustee. In 2024, pursuant to the bankruptcy court's order, Mukamal filed an interpleader action in state court to resolve several parties' claims to excess funds in the bankruptcy estate.

Ofer, proceeding *pro se*, removed the interpleader action to the district court.  The district court remanded the action on August 23, 2024.  Ofer appealed the remand order, creating appeal number 24-13048, which is pending.  On November 21, 2024, the district court entered an order denying reconsideration of the remand.  Ofer filed a second notice of appeal, designating both orders, which created this appeal.

A jurisdictional question asked the parties to address whether Ofer can appeal from either of those orders.  In their responses, the appellees brought to our attention that Mendez has removed the interpleader action again.  The district court has stayed the action pending Ofer's first appeal.

Our jurisdiction is limited to "cases" and "controversies," which requires, *inter alia*, that the issue or issues not be moot. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011).  "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted).

This appeal is moot.  Because Mendez has removed the interpleader action back to the district court, we can no longer grant Ofer effective relief from the August 23 remand order or the November 21 order refusing to reconsider the remand.  *See id.*; *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995) (explaining that an appeal can become moot via intervening events).

4                          Opinion of the Court                    24-13955

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are DENIED as moot.