**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11785

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TIFFANY BROWN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00359-TWT-JEM-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Tiffany Brown, a criminal defendant who had been released from custody pending the resolution of her case, was sentenced to 144 months' imprisonment and directed to report to a federal

prison.  She filed a *pro se* motion to delay the start of her prison term.  The district court denied that motion on May 20, 2025, Brown filed a notice of appeal from that denial, and the district court then reconsidered and delayed Brown's prison report date to June 20, 2025.  Since then, Brown surrendered as directed, starting her term of imprisonment.

In a jurisdictional question, we asked the parties to address whether the appeal is moot given the district court's order that Brown report to prison on June 20, 2025.  Both parties respond that Brown has begun her prison term and that the appeal is moot.  We agree.

Brown's appeal from the district court's May 20, 2025, order is moot because we can no longer give her the relief she was seeking now that she has reported to prison and begun her prison term. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quotation marks omitted)); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118-19 (11th Cir. 1995) (explaining that a controversy can become moot "by reason of intervening events" (quotation marks omitted)).  None of the "well-established" exceptions to the mootness doctrine apply. *See Brooks*, 59 F.3d at 1120-21 (discussing those exceptions).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (explaining that our jurisdiction is limited to

25-11785                Opinion of the Court                3

"cases" and "controversies," which require, *inter alia*, that the issue or issues not be moot).  This dismissal does not affect Brown's appeal from her conviction and sentence, No. 25-11317, which is pending.