**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13976

Non-Argument Calendar

_____

RENE PIERRE SOLOMON,

*Plaintiff-Appellant,*

*versus*

PENNYMAC LOAN SERVICES, LLC,

VALLEY VIEW HOME LOANS,

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,

DOES 1-10,

  Inclusive,

RUBIN LUBLIN, LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-04960-ELR

_____

Before GRANT, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

In September 2025, Rene Pierre Solomon filed a renewed motion for a temporary restraining order enjoining the foreclosure sale of his property, which the district court denied in an order entered on October 23, 2025. Solomon filed a second renewed TRO motion. He then filed a notice of appeal, designating the district court's October 23 order and "subsequent denial by inaction" of his second renewed TRO motion. The district court had not yet entered any order as to that motion. After he filed his appeal, the foreclosure sale occurred, and the foreclosing entity took title to the property.

As an initial matter, Solomon's notice is not effective to appeal the court's "subsequent denial" of his second renewed TRO motion because, as Solomon expressly acknowledged, no order had been entered or announced when he filed his notice of appeal. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (explaining that a notice of appeal is ineffective to appeal a contemplated future order or judgment that does not exist at the time the notice of appeal is filed, unless the decision or order was already announced). We therefore lack jurisdiction to review this contemplated future order.

We also lack jurisdiction to review the October 23 order denying the TRO because the foreclosure sale that Solomon sought to enjoin occurred during the pendency of this appeal and thus there is no live controversy as to the TRO ruling. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (explaining

25-13976                Opinion of the Court                3

that we lack jurisdiction when there is not a live controversy for which we can grant meaningful relief); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (explaining that an appeal can become moot by reason of intervening events).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.